| AO 91 Rev. 11/82 | CRIMINAL COMPLAINT | **ORIGINAL** |
|---|---|---|
| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA | |
| UNITED STATES OF AMERICA v. LINDA VOLSCHENK-BERGER aka Linda Berger, aka Linda Volschenk | DOCKET NO. | |
| | MAGISTRATE'S CASE NO. **08-0456M** | |

Complaint for violation of Title 18, United States Code, Section 1073: Unlawful Flight to Avoid Prosecution

| NAME OF MAGISTRATE JUDGE | UNITED STATES MAGISTRATE JUDGE | LOCATION |
|---|---|---|
| MARGARET A. NAGLE | | Los Angeles, CA |

| DATE OF OFFENSE | PLACE OF OFFENSE | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|
| October 10, 2007 | Los Angeles | |

*DENIED BY ORDER OF MARGARET A. NAGLE UNITED STATES MAGISTRATE JUDGE ON 2/27/2008*

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about October 10, 2007, in Los Angeles County, within the Central District of California, and elsewhere, defendant LINDA VOLSCHENK-BERGER, aka Linda Berger, aka Linda Volschenk, knowingly moved and traveled in interstate and foreign commerce, that is, from California to the Republic of South Africa, with the intent to avoid prosecution under the laws of the State of California for a crime which is a felony under the laws of the State of California, that is, deprivation of custody of a child, in violation of California Penal Code Section 278.5(a)..

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT C. Dewayne Gordon |
|---|---|
| | OFFICIAL TITLE Special Agent - FBI |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE February 27, 2008 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

AUSA:sgw    REC: Detention



# AFFIDAVIT

I, C. Dewayne Gordon, having been duly sworn, hereby depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been so employed for approximately one year. As part of my duties, I am tasked with the investigation of child abductions.

2. This affidavit is made in support of a criminal complaint against and arrest warrant for LINDA VOLSCHENK-BERGER aka Linda Berger, aka Linda Volschenk ("Volschenk") for a violation of Title 18, United States Code, Section 1073: Unlawful Flight To Avoid Prosecution.

3. On December 3, 2007, Detective Stephanie Barr of the Los Angeles Police Department ("LAPD"), advised a fellow FBI special agent of the following facts. On February 27, 2008, that agent informed me of those facts:

    a. Howard Berger and VOLSCHENK were married in December 2000 in the United States. The two are currently in court proceedings concerning custody of their four year old son Liam Berger. The current custody agreement dictates joint custody.

    b. On October 11, 2007, Howard Berger's nanny, Maria Castro, attempted to pick up Liam at his school, as the custody

-1-

agreement stipulates. Castro was informed that Liam was not at school that day and that VOLSCHENK had not called the school to explain Liam's absence. Howard Berger and his attorney, Patrick DeCarolis, went to VOLSCHENK's house to pick Liam up there. At the residence, they observed both of VOLSCHENK's cars in the parking garage. They then used a key and entered VOLSCHENK's residence and found no one at home. Howard Berger then went to the LAPD Pacific Division to make a Violation of Court Order report.

    c. On October 12, 2007, Howard Berger verified that Liam was not at his school and then obtained an Emergency Child Custody Court Order.

    d. On October 13, 2007, Howard Berger was interviewed by the LAPD and stated that he was contacted by the wife of VOLSCHENK's boyfriend, Rynier Bosman, who stated that Bosman was back in South Africa. Howard Berger stated that VOLSCHENK has no family in the United States and that her family in South Africa had attempted to get her to stay in South Africa in 2005. Her family tried to convince Howard Berger to split the family's time between the United States and South Africa.

    e. On October 15, 2007, Howard Berger was interviewed by the LAPD and stated that he was concerned that VOLSCHENK would attempt to flee to her native country, South Africa, with Liam. Howard Berger stated that VOLSCHENK had kidnapped Liam on a prior

occasion. In November 2005, Howard Berger applied with the United States Department of State for Assistance Under the Hague Convention on International Child Abduction for the return of Liam from South Africa. The three had traveled to South Africa on vacation. Howard Berger returned to the United States. VOLSCHENK refused to return to the United States and stayed in South Africa with Liam. Under a court order from a South African court, VOLSCHENK and Liam returned to the United States.

  f. On October 17, 2007, Howard Berger was again interviewed by the LAPD and stated that VOLSCHENK had recently been at the South African Consulate several times with her boyfriend, Rynier "Rick" Bosman and that Bosman was liquidating his assets in South Africa.

  4. On October 23, 2007, warrant number BA330752 was issued in the County of Los Angeles, State of California, for the arrest of VOLSCHENK for violation of California Penal Code 278.5(a), deprivation of custody of a child, a felony.

  5. On December 7, 2007, I conducted internet research and discovered numerous newspaper articles describing this matter. An article, "Jail threat for Mother Who Snatched Boy," originally published on page 3 of The Star (South Africa) on November 22, 2007 and reprinted at www.iol.co.za, written by Louise Flanagan, states that VOLSCHENK paid $10,000 for false passports to travel with her son to South Africa. VOLSCHENK admitted to the Pretoria

High Court that she bought the passports in September 2007 and fled the United States with her son and her boyfriend, Rynier Bosman, in October 2007. They flew from Mexico to France to Kenya and then drove to South Africa. They then destroyed all the travel documents and the passports. The Pretoria High Court ordered that Liam be returned to the custody of his father, and the boy has been returned to the United States.

6. Another article, "Knives are Out in Custody War," originally published on page 1 of The Pretoria News (South Africa) on November 7, 2007 and reprinted at www.iol.co.za, written by Zelda Venter, quotes VOLSCHENK as saying, "I was not prepared to expose Liam to this and decided to leave the US on October 10 [2007] to return to South Africa."

7. Based on all of the foregoing facts, I believe there is probable cause to believe that VOLSCHENK has traveled in interstate and foreign commerce with the intent to avoid prosecution for a felony crime under California law, all in violation of Title 18, United States Code, Section 1073.

C. Dewayne Gordon
Special Agent - FBI

Sworn to before me and
subscribed in my presence, on
this _____ day of February 2008.

_____
HONORABLE MARGARET A. NAGLE
United States Magistrate Judge